HONORABLE PHILIP BRANDT
CHAPTER 13

2010 MAR -5 AM 10: 16

# IN THE UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

IN RE:

HESTER E. PAIGE,

Debtor,

Case No. 09-46264-PHB

Adversary Proceeding
No. 09-04231-PHB
**ANSWER AND AFFIRMATIVE DEFENSES OF DP FINANCIAL; PETER YAGI TO COMPLAINT**

HESTER E. PAIGE,
    Debtor/ Plaintiff.

v.

WESTAR FUNDING, INC.; PETER YAGI; ISAAC PALMER; GMI CONSTRUCTION, INC.; DP FINANCIAL, INC.; ANTHONY MCQUEEN,
    Defendants.

Defendant DP FINANCIAL, INC., PETER YAGI ("DP Financial"), hereby responds to the Plaintiff's Complaint as follows:

ANSWER AND AFFIRMATIVE DEFENSES OF DP
FINANCIAL;PETER YAGI TO COMPLAINT

PETER YAGI
16149 REDMOND WAY
#353
REDMOND, WA 98052

Page 1

1.1     Defendant DP Financial; Yagi lacks sufficient information as to the truth or falsity of these statements and therefore denies them.

1.2     Defendant DP financial; Yagi admits.

1.3     Defendant Yagi admits to residency in King County. Defendant Yagi was affiliated with a consumer loan company.

1.4     Defendant DP Financial; Yagi, lacks sufficient information as to the truth or falsity of these statements and therefore denies them.

1.5     Defendant DP Financial; Yagi, lacks sufficient information as to the truth or falsity of these statements and therefore denies them.

1.6     Defendant DP Financial; Yagi admits that it is a Washington Corporation and Yagi is its registered agent. Plaintiff's statement that DP Financial "purported" to act as mortgage broker for Paige's loan, is inconsistent with Plaintiff's statement in paragraph 3.5 that "she did not use a broker for the loan". Defendant was not required to be licensed as a mortgage broker to make business investment loans in Washington State.

1.7     Defendant DP Financial; Yagi, lacks sufficient information as to the truth or falsity of this statement and therefore denies it.

2.1     Defendant DP Financial; Yagi denies.

2.2     Defendant DP Financial; Yagi admits.

2.3     Defendant denies.

3.1     Defendant DP Financial; Yagi, lacks sufficient information as to the truth or falsity of these allegations and therefore denies them.

3.2     Defendant DP Financial; Yagi, lacks sufficient information as to the truth or falsity of these allegations and therefore denies them. Defendant denies the statement that Plaintiff intended to

ANSWER AND AFFIRMATIVE DEFENSES OF DP  
FINANCIAL;PETER YAGI TO COMPLAINT

PETER YAGI  
16149 REDMOND WAY  
#353  
REDMOND, WA 98052

Page 2

live in the house located at 1422 M. St. Tacoma, WA after construction. As to statements regarding Defendant McQueen and Defendant Palmer, DP Financial lacks sufficient information as to the truth or falsity of these allegations and therefore denies them.

3.3     Defendant DP Financial, Yagi, lacks sufficient information as to the truth or falsity of these statements and therefore denies them. Defendant denies that "Ms. Paige had always made it clear to everyone of the Defendants that she intended to move into the house as soon as the repairs were complete". These statements conflict with her position in 3.9 that "Defendant Palmer was the only person with whom she spoke about the loan". Moreover, these statements are inconsistent with loan documents Plaintiff admittedly voluntarily signed that the house was for investment purposes only.

3.4     Defendant DP Financial; Yagi, lacks sufficient information as to the truth or falsity of these allegations and therefore denies them.

3.5.    Plaintiff's statement that she did not use a broker for the loan conflicts with her claims in 3.1, 3.2 and 3.9 that Defendant Palmer brokered the loan. Her position that Palmer brokered the loan conflicts with the fact that Yagi brokered the loan to Westar and received due compensation upon closing. Defendant Yagi states that Plaintiff was aware of his involvement since she signed checks over to Yagi upon inspection for repayment of a portion of the $25,000 that she borrowed from Yagi to save her from foreclosure and bring her then loan current and to finance her renovations on the business property. Yagi took a note and deed of trust. Plaintiff has since failed to make any additional payments to Defendant Yagi.

3.6     Defendant notes that the statement that "Defendant McQueen never signed a rental agreement with Ms. Paige", conflicts with her statements in 3.2 and with the lease agreement Plaintiff executed with tenant McQueen and submitted for loan purposes. The signature on the

ANSWER AND AFFIRMATIVE DEFENSES OF DP
FINANCIAL;PETER YAGI TO COMPLAINT

PETER YAGI
16149 REDMOND WAY
#353
REDMOND, WA 98052

Page 3

lease is the same as appears on Plaintiff's loan application. Defendant DP Financial; Yagi lacks sufficient information as to the truth or falsity of the other allegations and therefore denies them.

3.7  Defendant DP Financial; Yagi states that the loan process was appropriate and done with Plaintiff's consent and payments were received according to Plaintiff's direction and signed approval. Plaintiff admits that she voluntarily signed the loan documents. Defendant lacks sufficient information as to the truth of falsity of the remaining allegations and therefore denies them.

3.8  Defendant DP Financial; Yagi, denies that it colluded with others to steal the equity in Plaintiff's home and leave it in shambles. Defendant lacks sufficient information as to the truth or falsity of the remaining statements and therefore denies them.

3.9  Defendant Yagi relied on statements that Plaintiff made on her loan application in order to secure funding. Based on those statements, Defendant advanced over $25,000 to Plaintiff. Defendant lacks sufficient information as to the truth or falsity of the remaining allegations and therefore denies them.

4.1  Defendant DP Financial; Yagi, repeats each and every response to the above allegations as if fully and completely set forth herein.

4.2  Defendant Yagi denies.

5.1  Defendant DP Financial repeats each and every response to the above allegations as if fully and completely set forth herein.

5.2  Defendant DP Financial; Yagi denies.

5.3  Defendant DP Financial; Yagi denies.

6.1  Defendant DP Financial; Yagi, repeats each and every response to the above allegations as if fully and completely set forth herein.

ANSWER AND AFFIRMATIVE DEFENSES OF DP
FINANCIAL;PETER YAGI TO COMPLAINT

PETER YAGI
16149 REDMOND WAY
#353
REDMOND, WA 98052

Page 4

6.2    Defendant DP Financial; Yagi denies.

6.3    Defendant DP Financial; Yagi, denies it owed a fiduciary duty of any kind to Plaintiff. Defendant properly acted as a broker and lender of business loans to meet Plaintiff's needs for financing to stop a foreclosure and renovate her investment property. As to the remaining allegations Defendant lacks enough information as to the truth or falsity of these allegations and therefore denies them.

6.4    Defendant DP Financial; Yagi denies.

DEFENDANT DP FINANCIAL; YAGI ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S COMPLAINT:

1.    This Court lacks subject matter jurisdiction to decide the issues herein.

2.    Plaintiff failed to state a claim upon which relief can be granted.

3.    Plaintiff breached its obligations to Defendant DP Financial, Yagi and Defendant is therefore entitled to relief.

4.    The estoppel doctrine bars Plaintiff's claims.

5.    Plaintiff comes before the Court with dirty hands. Plaintiff's own fraudulent behavior bars her claims.

6.    Plaintiff's claims are frivolous and designed to avoid legitimate obligations and lacks legal grounds and thus violate BR 7011; incorporating FRCP 11.

7.    Defendant DP Financial; Yagi reasonably relied on certain representations that Plaintiff voluntarily and knowingly made. Plaintiff is now therefore barred from denying that she did intend those pretenses.

ANSWER AND AFFIRMATIVE DEFENSES OF DP
FINANCIAL;PETER YAGI TO COMPLAINT

PETER YAGI
16149 REDMOND WAY
#353
REDMOND, WA  98052

Page 5

8. Plaintiff received a windfall. If Plaintiff suffered any damages at all, it was at the hands of third parties over whom Defendant DP Financial; Yagi lacks control.

9. Plaintiff's own actions and inactions, words or silence was tantamount to material concealment and fraud which resulted in damages to the Defendant who justifiably and reasonably relied on Plaintiff's representations.

10. Defendant DP Financial; Yagi reserves the right to supplement and or amend these affirmative defenses.

WHEREFORE, having completely responded to Plaintiff's complaint, Defendant DP Financial and Peter Yagi respectfully asks that this complaint be dismissed with prejudice. Furthermore, Defendant seeks reasonable attorney's fees and costs in having to defend this action and for such further and other relief that this court deems proper and just.

DATED this 16th day of February, 2010.

Peter Yagi, DP Financial

*[signature]*

ANSWER AND AFFIRMATIVE DEFENSES OF DP
FINANCIAL;PETER YAGI TO COMPLAINT

PETER YAGI
16149 REDMOND WAY
#353
REDMOND, WA 98052

Page 6